
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
APR 19 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. |
| DAVID E. SCHULTZ, ) | **4:17CR00174 RLW/NAB** |
| Defendant. ) | |

## INDICTMENT

The Grand Jury Charges:

### INTRODUCTION

At all times material to this indictment:

1. The defendant, David E. Schultz was a citizen of the United States and resided in the Eastern District of Missouri during the time period set out in this Indictment.

### THE SCHEME

2. Beginning in or about August 2013, and continuing into 2017, in the Eastern District of Missouri, the defendant, David E. Schultz, did knowingly devise, and intended to devise, a scheme to defraud and to obtain money from persons who were induced, directly and indirectly, to provide money and merchandise to the defendant based on the defendant's false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

3. It was part of the scheme and artifice to defraud and obtain money and merchandise that David E. Schultz induced at least six individuals ("victims") into giving him or his son money or merchandise in exchange for services he claimed to be capable of providing; and on the promise that he would repay the money to individuals after he received a financial settlement; and on the promise that he would repay the money to individuals after he was able to access money in off-shore accounts.

4. It was further part of the scheme that David E. Schultz knowingly, and with the intent to defraud, made materially false and fraudulent pretenses, representations and promises to victims including that:

   a. David E. Schultz was a successful businessman in the Saint Louis area who worked closely with Clayton attorneys S.R. and J.S.;

   b. David E. Schultz had a personal relationship with United States District Judge C.J.;

   c. David E. Schultz had a personal relationship with the former United States Attorney for the Eastern District of Missouri R.C.;

   d. David E. Schultz had a personal relationship with the director of and attorneys for the Missouri Department of Corrections;

   e. David E. Schultz had a personal relationship with FBI agents "Greg", "John", "Tim", "Bill" and "Melissa";

   f. David E. Schultz was awaiting a large lawsuit settlement;

   g. David E. Schultz was awaiting a large dividend payment;

   h. David E. Schultz was awaiting a large insurance settlement;

   i. David E. Schultz held and was capable of accessing hundreds of thousands of dollars in a bank account located in the Cayman Islands; and

   j. David E. Schultz held and was capable of accessing three million dollars in offshore accounts tied to offshore business deals.

5. It was further part of the scheme that David E. Schultz demanded victims provide him cash or assets, such as jewelry, gold, silver, and other items of value that could quickly be converted into cash in exchange for future services.

6.	It was further part of the scheme that David E. Schultz demanded victims borrow money from their family members or open lines of credit in order to provide him with money in exchange for future services.

7.	It was further part of the scheme that David E. Schultz's son, M.S., opened a U.S. Bank account in 2013 into which David E. Schultz deposited proceeds from his fraud scheme. From 2014 until 2017, Michael Schultz's bank account became the primary account through which money from David E. Schultz's scheme to defraud was deposited.

8.	It was further part of the scheme that Michael Schultz participated in his father's scheme to defraud by meeting with victims to pick up money and delivering money to his father.

9.	It was further part of the scheme that David E. Schultz developed a relationship with victim R.R. Victim R.R. was a St. Louis pharmacist whose pharmacology license was suspended in 2014. David E. Schultz falsely represented to Victim R.R. that he was a non-practicing attorney who worked closely with a Saint Louis area attorney. Schultz told R.R. that in exchange for payments, he would be able to obtain a "Letter of Exoneration" from the Missouri Board of Pharmacy and broker a lucrative lab-testing contract with the Missouri Department of Corrections. Victim R.R. paid David E. Schultz approximately $50,000 for services which were never provided and which David E. Schultz never intended to provide.

10.	It was further part of the scheme that David E. Schultz developed a relationship with victim E.B. Victim E.B. owned and operated a health care products distribution firm and was convicted of health care fraud in 2015. David E. Schultz falsely represented to Victim E.B. that he was a non-practicing attorney who worked closely with a Saint Louis area attorney. David E. Schultz represented to Victim E.B. that in exchange for payments, he would be able to have E.B.'s conviction overturned. In July 2016, David E. Schultz falsely presented to Victim E.B. two fraudulent and forged documents

falsely representing that E.B.'s conviction was overturned. Victim E.B. paid David E. Schultz approximately $81,000 for services which were never provided.

11. It was further part of the scheme that David E. Schultz developed a relationship with Victim D.G. Victim D.G. was convicted of health care fraud in 2014. David E. Schultz falsely represented to Victim D.G. that in exchange for payments, he would have D.G.'s conviction "expunged" and falsely represented that he was in close contact with the Federal District Court Judge who sentenced Victim D.G. Victim D.G. paid David E. Schultz approximately $17,000 for services which were never provided.

12. It was further part of the scheme that David E. Schultz developed a relationship with Victim O.G. Victim O.G. was the sister of Victim D.G. David E. Schultz falsely represented to Victim O.G. that he was working with attorneys to secure her brother's release from prison. David E. Schultz also falsely represented to Victim O.G. that upon Victim D.G's release from prison, he intended to open several Dollar Stores with Victim D.G. David E. Schultz represented to Victim O.G. that in exchange for payments, he would pay attorneys to have her brother released from prison and pay for hotel and meal expenses for Dollar Store executives that he hosted. Victim O.G. paid David E. Schultz approximately $22,000 for services which were never provided.

13. It was further part of the scheme that David E. Schultz developed a relationship with Victim R.J. Victim R.J. was a former cardiologist convicted of health care fraud in 2002 and 2009. David E. Schultz falsely represented to Victim R.J. that he was working with attorneys to reinstate Victim R.J.'s medical license. David E. Schultz falsely represented to Victim R.J. that in exchange for payments, he would pay his personal attorney, V.A., to secure "immunity" for Victim R.J. Additionally, David E. Schultz falsely represented that he would pay attorneys to testify for R.J. during the medical license reinstatement process; hire private investigators; and make court-ordered restitution payments on

R.J.'s behalf. Victim R.J. paid David E. Schultz approximately $162,000 for services which were never provided.

14. It was further part of the scheme that David E. Schultz developed a romantic relationship with Victim S.M. David E. Schultz falsely represented to Victim S.M. that he was a "hard money lender" and was a wealthy real estate investor. David E. Schultz promised to marry Victim S.M. and provide her with a lifetime of financial security. David E. Schultz represented to Victim S.M. that he needed to borrow money from her only until he received several large cash payments from his overseas accounts. Victim S.M. drained her own saving and retirement accounts, borrowed money from her parents, borrowed money from her siblings and opened credit accounts to generate money for David E. Schultz. In total, Victim S.M. paid David E. Schultz approximately $120,000.

### Count One

Wire Fraud

(Violation of 18 U.S.C. §1343)

1. The Grand Jury hereby adopts, realleges, and incorporates by reference herein, all the factual allegations set forth in paragraphs 1-14 of this Indictment.

2. On or about April 26, 2016, in the Eastern District of Missouri,

**DAVID E. SCHULTZ,**

the defendant herein, for the purposes of executing and carrying on this scheme to defraud, and attempting to do so, did knowingly and with the intent to defraud, cause to be transmitted in interstate commerce, by means of wire and radio communications, certain writings, signs, signals and sounds constituting a wire transfer of money and funds, in the sum of $3,000, from the account of Victim E.B., at PNC Bank in Maryland Heights, Missouri to a U.S. Bank account in Mount Vernon, IL.

In violation of 18 U.S.C. §1343.

## Count Two

Wire Fraud

(Violation of 18 U.S.C. §1343)

The Grand Jury further charges:

1. The Grand Jury hereby adopts, realleges, and incorporates by reference herein, all the factual allegations set forth in paragraphs 1-14 of this Indictment

2. On or about January 17, 2017, in the Eastern District of Missouri,

**DAVID E. SCHULTZ,**

the defendant herein, for the purposes of executing and carrying on this scheme to defraud, and attempting to do so, did knowingly and with the intent to defraud, cause to be transmitted in interstate commerce, by means of wire and radio communications, certain writings, signs, signals and sounds constituting a wire transfer of money and funds, in the sum of $1,000.00, from Walmart Store #936 in Effingham, Illinois using Walmart's wire-transfer service to a Walmart located within the Eastern District of Missouri.

In violation of 18 U.S.C. §1343.

A TRUE BILL.


_____
FOREPERSON

CARRIE COSTANTIN
Acting United States Attorney


_____
Dianna R. Collins, #59641MO
Assistant United States Attorney